# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

CLEAR TRANSFER TECHNOLOGIES OU,

    Plaintiff,

vs.

    Case No. 3:21-cv-118-MMH-JRK

IPAY TOTAL LTD.; IPAY SOLUTIONS, INC.; BRIAN KEITH ANGEL; RUCHI RATHOR; and ANURAG PRATAP SINGH,

    Defendants.

_____/

# O R D E R

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking"). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction

pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

On February 1, 2021, Plaintiff Clear Transfer Technologies OU initiated this action by filing a four-count complaint against Defendants (Doc. 3; Complaint). In the Complaint, Clear Transfer asserts that the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because "the amount in controversy exceeds $75,000.00, exclusive of interest, costs, and attorneys' fees, and there is complete diversity of citizenship." See Complaint ¶ 10. In support, Clear Transfer alleges that it is a "corporation registered, formed, and existing under the laws of Estonia." See id. ¶ 5. As to Defendants iPay Total Ltd. and iPay Solutions, Inc., Clear Transfer asserts that "iPay Solutions, Inc. was a Florida profit corporation, a wholly owned subsidiary of iPay Total Ltd., with its principal address and place of business in Duval County, Florida." Id. ¶ 6. Regarding the individual Defendants, Clear Transfer alleges that Defendant Brian Keith Angel is a "resident" of Florida, Defendant Ruchi Rathor is a "citizen and resident of India," and Defendant Anurag Pratap Singh is "a citizen of India, and resident of the UK." Id. ¶¶ 7-9. Because these allegations indicate that the Court lacks diversity jurisdiction over this action pursuant to the principles of alienage jurisdiction, the Court will direct Clear

Transfer to show cause why the matter should not be dismissed without prejudice for lack of subject matter jurisdiction.

For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412. Here, Clear Transfer appears to invoke a form of diversity jurisdiction known as "alienage jurisdiction," under which federal courts may hear cases between "citizens of a State and citizens or subjects of a foreign state." See Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1340 (11th Cir. 2011) (quoting 28 U.S.C. § 1332(a)(2)); see also Complaint ¶ 10. However, "[l]ike the complete diversity rule in cases between citizens of different states, alienage jurisdiction prohibits an alien from suing another alien in federal court unless the suit includes United States citizens as plaintiffs and defendants." Id. (internal citations omitted); see also Iraola & CIA, S.A. v. Kimberly-Clark Corp., 232 F.3d 854, 860 (11th Cir. 2000) ("It is a standard rule that federal courts do not have diversity jurisdiction over cases where there are foreign entities on both sides of the action, without the presence of citizens of a state on both sides.").

Here, the sole plaintiff in this action is Clear Transfer, which is alleged to be a "corporation registered, formed, and existing under the laws of Estonia." See Complaint ¶ 5. As such, Clear Transfer is an alien for purposes of the

alienage jurisdiction analysis.[1]  Although Clear Transfer fails to adequately allege the citizenship of Defendants Brian Keith Angel and iPay Total Ltd.,[2] it has identified Defendants Rathor and Singh as citizens of India.  See Complaint ¶¶ 8-9.  Thus, given the presence of aliens on both sides of this dispute, complete diversity is lacking.  See Iraola & CIA, S.A., 232 F.3d at 860; see also 14A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3661 (4th ed.) ("Although cases in which there are aliens on both sides of the dispute but a citizen (or citizens) on only one are not explicitly dealt with by Section 1332, a considerable number of federal courts that have addressed this situation, including several courts of appeals, have deferred to the background rule prohibiting aliens on both sides of a diversity of citizenship dispute and have denied subject-matter jurisdiction." (collecting cases)).  Absent any other

---

[1] Notably, pursuant to the federal statute governing diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  See 28 U.S.C. § 1332(c)(1) (emphasis added).  Clear Transfer does not include an allegation identifying its principal place of business.  However, even if Clear Transfer has a principal place of business in the United States, it is still considered an alien for purposes of establishing alienage jurisdiction.  See Caron v. NCL (Bahamas), Ltd., 910 F.3d 1359, 1365 (11th Cir. 2018) ("We therefore hold that § 1332(a)(2) does not grant jurisdiction over a suit between a corporation incorporated solely in a foreign state and another alien, regardless of the corporation's principal place of business.").

[2] Clear Transfer alleges that Angel is a "resident" of Florida.  However, to establish diversity over a natural person, a complaint must include allegations of the person's citizenship, not where he or she resides.  See Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994).  Clear Transfer fails to allege any information regarding the citizenship of iPay Total Ltd.

4

apparent basis for federal subject matter jurisdiction, it appears this action is due to be dismissed without prejudice for lack of jurisdiction.

**ORDERED**:

On or before **February 16, 2021**, Plaintiff Clear Transfer Technologies OU shall **show cause** by written response why this case should not be dismissed without prejudice for lack of subject matter jurisdiction. Failure to respond to this Order may result in dismissal of this action without further notice.

**DONE AND ORDERED** at Jacksonville, Florida on February 2, 2021.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties