**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CLEAR TRANSFER TECHNOLOGIES
OU,

       Plaintiff,

                                 Case No. 3:21-cv-118-MMH-JRK

vs.

IPAY SOLUTIONS, INC., and
BRIAN KEITH ANGEL,

       Defendants.
_____/

**O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Response to Court's Order to Show Cause (Doc. 15; Response), filed on February 11, 2021. On February 2, 2021, the Court entered an Order (Doc. 8) directing Plaintiff Clear Transfer Technologies OU to show cause why this case should not be dismissed without prejudice for lack of subject matter jurisdiction. See Order at 5. Specifically, the Court noted the presence of aliens on both sides of the action, such that the Court could not exercise alienage diversity jurisdiction over this case. See id. at 4-5. In response to the Court's Order, Clear Transfer filed an Amended Complaint (Doc. 14) on February 9, 2021, dropping the foreign defendants from the case and again invoking the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(2). See Amended Complaint ¶¶ 5-8. In support, Clear Transfer

states that it is a "corporation registered, formed, and existing under the laws of Estonia." See Amended Complaint ¶ 5. Clear Transfer identifies Defendant iPay Solutions, Inc. as a Florida corporation with its principal place of business in Florida, id. ¶ 6, and alleges that Defendant Brian Keith Angel is a "citizen of the United States and a resident of Duval County, Florida," id. ¶ 7. In the Response, Clear Transfer asserts that the Amended Complaint resolves the jurisdictional infirmity and the Court should therefore refrain from dismissing the action and discharge the Order. See generally Response.

However, upon review of the Amended Complaint and Response, the Court is unable to ascertain whether it has diversity jurisdiction over this action because Clear Transfer fails to properly allege its own citizenship or that of Defendant Brian Keith Angel. As noted in the Court's February 2, 2021 Order:

> pursuant to the federal statute governing diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated <u>and of the State or foreign state where it has its principal place of business</u>." See 28 U.S.C. § 1332(c)(1) (emphasis added).

See Order at 4 n.1. As in the original Complaint, neither the Amended Complaint nor the Response identify Clear Transfer's principal place of business. Thus, the Court is unable to determine Clear Transfer's citizenship for purposes of diversity jurisdiction.

Similarly, the Court's prior Order explained that "to establish diversity over a natural person, a complaint must include allegations of the person's

2

citizenship, not where he or she resides." See Order at 4 n.2 (citing Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994)). Indeed, "[c]itizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." Taylor, 30 F.3d at 1367 (emphasis supplied); see also Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'[d]omicile' is not necessarily synonymous with 'residence'"). Although Clear Transfer alleges that Angel is a citizen of the United States, it has not identified the state of Angel's citizenship, only that in which he resides. See Amended Complaint ¶ 7; see also Response at 2. This is insufficient for diversity jurisdiction purposes. See Crist v. Carnival Corp., 410 F. App'x 197, 200-01 (11th Cir. 2010) ("'[A]n allegation that a party is a resident of a certain state . . . is not a sufficient allegation of his citizenship.'" (quoting Cong. of Racial Equal. v. Clemmons, 323 F.2d 54, 58 (5th Cir. 1963))).

Significantly, the foregoing information is necessary to establish the Court's subject matter jurisdiction over this matter because if Clear Transfer's principal place of business and Angel's state of citizenship are the same, then the Court lacks diversity jurisdiction over this action, regardless of the fact that Clear Transfer is incorporated in a foreign country and Angel is a United States citizen. See Crist, 410 F. App'x at 200-01 & n.4; see also 14A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3661 (4th ed.) ("In the case of a foreign corporation with its principal place of business in State A,

3

its State A citizenship generally is held to preclude diversity jurisdiction between it and another citizen of State A."). As explained in the February 2, 2021 Order, this Court has an obligation "to inquire into subject matter jurisdiction <u>sua sponte</u> whenever it may be lacking." See <u>Univ. of S. Ala. v. Am. Tobacco Co.</u>, 168 F.3d 405, 410 (11th Cir. 1999). Without the necessary information to assure the Court that it has jurisdiction over this action, the Court is powerless to proceed. Accordingly, "in the hope of preventing the needless expenditure of litigant and judicial resources that occurs when a case proceeds to trial in the absence of subject matter jurisdiction[,]" see <u>Zambelli Fireworks Mfg. Co., Inc. v. Wood</u>, 592 F.3d 412, 419 (3d Cir. 2010), the Court will afford Clear Transfer one additional opportunity to establish the citizenship of the parties and this Court's diversity jurisdiction over the instant action.

**ORDERED**:

Plaintiff Clear Transfer Technologies OU shall have until **February 26, 2021**, to provide the Court with sufficient information so that it can determine whether it has diversity jurisdiction over this action.

**DONE AND ORDERED** at Jacksonville, Florida on February 12, 2021.

*[signature: Marcia Morales Howard]*
MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties